**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRCT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| TERESA S. TITUS, also known as TRACY TITUS,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE; FEDERAL NATIONAL MORTGAGE ASSOCIATION aka FANNIE MAE; NORTHWEST TRUSTEE SERVICES, INC.; RCO LEGAL, P.S.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"),<br><br>Defendants. | No. 15-05690-RJB<br><br>ORDER ON FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS OF DEFENDANT RCO LEGAL, P.S. |

THIS MATTER comes before the Court on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss filed by Defendant RCO Legal, P.S. (Dkt. 18). The Court has considered Plaintiff's Response (Dkt. 29) and the remainder of the file herein.

### THE COMPLAINT

In the Second Amended Complaint ("Complaint"), Plaintiff alleges that SunTrust Mortgage, not Wells Fargo, NA or Wells Fargo Home Mortgage (collectively, "Wells Fargo"), is the 'actual owner' of a Deed of Trust and related Promissory Note. According to the Complaint, Plaintiff signed a Deed of Trust securing a Promissory Note to pay Sun Trust Mortgage on April 5, 2007, and Plaintiff received a notice to direct mortgage payments to Wells Fargo in December 2007. Complaint, at ¶¶7, 9. An Assignment of the Deed of Trust in favor of Wells Fargo was

recorded on October 8, 2013. Wells Fargo also executed a beneficiary declaration stating that Wells Fargo is the holder of the Promissory Note. *Id*., at ¶¶11, 32, 38

Plaintiff made mortgage payments to Wells Fargo from December 2007 until approximately January 2011, deliberately ceasing payments to go into default, so that, according to advice from Wells Fargo, she would qualify for a loan modification. Complaint, at ¶14. Plaintiff attempted a loan modification starting in April 2011, continuing to make payments to Wells Fargo. *Id*.,at ¶15. Plaintiff then defaulted on her payments, receiving a letter of default in September 2013 from Wells Fargo and a Notice of Default by Northwest Trustee Services ("NWTS") on February 9, 2014. *Id*., at ¶16.

NWTS pursued nonjudicial foreclosure proceedings against Plaintiff on February 9, 2014, issuing a Notice of Default and Notice of Trustee Sale. Complaint, at ¶17. During a foreclosure mediation, RCO Legal's attorney, who represented Wells Fargo, said with reference to Plaintiff, "We have a problem. We don't have the note." Wells Fargo's underwriter responded with, "What do you mean you don't have the note? That's a problem[,]" but RCO Legal's attorney stated to the mediator that "It's nothing." *Id*., at ¶38. RCO Legal acted as counsel to Wells Fargo on this and one other mediation, and "now represents themselves and NWTS." *Id*., at ¶¶24, 25.  RCO Legal is a law firm that also serves as a collection agency on behalf of Wells Fargo. *Id*., ¶6.

<div align="center">STANDARD FOR MOTION TO DISMISS</div>

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d

1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 1974.

## DISCUSSION

1. Claim 1: Violation of the Federal Fair Debt and Collection Practices Act (FDCPA)

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692(e). In general, a "debt collector" is:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects . . . debts owed . . . or due another. . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. § 1692a.

However, as this Court and other courts have found, nonjudicial foreclosure actions do not constitute "debt collection," unless alleged under § 1692f(6). *Greer v. Green Tree Servicing, LLC*, No. 3:14-CV-05594-RJB, 2015 WL 4077432, at *2 (W.D. Wash. July 6, 2015); *Jara v. Aurora Loan Servs., LLC,* No. C 11–00419 LB, 2011 WL 6217308, at *4 (N.D.Cal. Dec.14, 2011); *Garfinkle v. JPMorgan Chase Bank,* No. C 11–01636 CW, 2011 WL 3157157, *3 (N.D.Cal.2011); *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188 (D.Or.2002); *Walker v. Quality Loan Serv. Corp.,* 176 Wash.App. 294, 316, 308 P.3d 716 (Div.I, 2013); *Dietz v. Quality*

*Loan Serv. Corp. of Washington,* No. C13–5948 RJB, 2014 WL 5343774, at *2 (W.D.Wash.2014).

Plaintiff alleges that RCO Legal is a debt collector that communicated with Plaintiff with the purpose of collecting debt owed to Wells Fargo. Complaint, at ¶30. This conduct falls squarely within the general definition of "debt collector" but also appears to relate to nonjudicial foreclosure, which would preclude recovery under the FDCPA. *See* § 1692a and *Greer v. Green Tree Servicing*, No. 3:14-CV-05594-RJB, *et al*. However, although debt collecting conduct that relates to nonjudicial foreclosure may fall outside the FDCPA generally, Plaintiff also alleges that the conduct occurred when RCO Legal had knowledge that its client, Wells Fargo, had no right to possession of the Promissory Note and Deed of Trust. Complaint, at ¶30. *See* § 1692f(6) and *Armacost v. HSBC Bank USA,* No. 10–CV0274–EJL–LMB, 2011 WL 825151 at *3-6 (D.Idaho Feb.9, 2011). This creates an exception to the exception, so to speak. Therefore, Plaintiff alleges a plausible FDCPA claim. RCO Legal's motion should be denied as to this claim.

2.  <u>Claim 2: Violation of the Federal Consumer Protection Act</u>

Plaintiff alleges that RCO Legal is "in violation of the Federal Consumer Protection Act because [its] acts were deceptive and designed to deceive Plaintiff." Complaint, at ¶34. The deception appears to be that RCO Legal knew that Wells Fargo did not possess either the Promissory Note or the Deed of Trust. Complaint, at ¶39.

RCO Legal argues that "there is no Act with that name [Federal Consumer Protection Act]." Dkt. 18, at 3. The Court agrees. More importantly, the claim lacks specificity as to which section or subsection should apply, so the claim fails on account of its vagueness. In Plaintiff's Response, Plaintiff directs the Court to Chapter 41 of Title 15 of the United States Code, Dkt. 29,

at 6, but Chapter 41 has six subchapters, and each of those subchapters has multiple sections and subsections, none of which are specifically alleged. In the Complaint itself, Plaintiff specifically alleges one section, § 1692, Complaint, at ¶41, but that section pertains to the FDCPA and is duplicative of Count 1. *See* Dkt. 27, at 9 ("As First Cause of Action, Violation of the [FDCPA] 15 U.S.C. 1692"). Plaintiff fails to state a claim in violation of "the Federal Consumer Protection Act." RCO Legal's motion should be granted as to this claim.

3.  Claim 4: Violation of Washington Deed of Trust Act

Plaintiff alleges that RCO Legal breached its duty of good faith to Plaintiff, which violates the Washington Deed of Trust Act, by "work[ing] in concert with [Northwest Trustee] to the detriment of [Plaintiff]." Complaint, at ¶47. Plaintiff elsewhere urges the Court to limit its interpretation of *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wn.2d 412 (2014), to only preclude claims for damages, not injunctive relief, Dkt. 30, at 5, but it is not clear from the Complaint that Plaintiff seeks only injunctive relief, not damages. *See* Complaint, at ¶¶46-50.

Furthermore, a narrow reading of *Frias* would allow parties to seek injunctive relief by complaint without first adhering to the statutorily–prescribed procedure under RCW 61.24.130, which would undermine the clear objective of that statute. *See* RCW 61.24.130 and *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137 (2007)("The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130"). Especially in this case, where Plaintiff does not allege that she has already sought injunctive relief pursuant to RCW 61.24.130 and is now without recourse, a narrow interpretation of *Frias* should be rejected. Furthermore, broader language throughout *Frias* hints that the holding may not just be limited to damages. *E.g., Frias*, at 428 ("under the current statutory framework, there is no independent cause of action under the DTA for DTA violations absent a completed foreclosure

sale"). Plaintiff has failed to state a claim for relief under the DTA, and the claim should be dismissed.

Claim 5: Violation of Washington Consumer Protection Act

Plaintiff concedes that this claim should be dismissed as to RCO Legal. Dkt. 29, at 8. RCO Legal's motion should be granted as to this claim.

4. Claim 7: Misrepresentation Through Omission

Plaintiff elsewhere concedes that this claim pertains only to Wells Fargo. Dkt. 30, at 8. Were that not the case, the claim should still be dismissed as to RCO Legal, because its plain text only mentions Wells Fargo and its employees. *See* Complaint, at ¶¶60-64 (" . . . these omissions were again made by employees of Defendants [Wells Fargo Bank, NA or Wells Fargo Home Mortgage]"). RCO Legal's motion should be granted as to this claim.

5. Claim 8: Breach of Covenant of Good Faith and Fair Dealing

With reference to RCO Legal, Plaintiff's claim alleges in its entirety that "Northwest Trustee and RCO [Legal] made false statements and failed to properly investigate claims that would prevent the foreclosure from taking place." Complaint, at ¶68. *See id*., ¶¶66, 67. There is no elaboration of the content or circumstances of the false statements, nor is there any articulation of injury caused by Northwest Trustee. The preceding paragraphs refer only to a Wells Fargo mediation, adding no helpful context, *see id*., at *¶¶*66, 67, and the request for relief does not reference the claim, unlike all other claims. *See* Dkt. 27, at 21, 22. Plaintiff fails to state a claim for breach of covenant of good faith and fair dealing, and the claim should be dismissed.

6. Claim 9: Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, also known as outrage, the plaintiff must show (1) extreme and outrageous conduct, (2) intentional or reckless


infliction of emotional distress, and (3) the plaintiff's severe emotional distress. *Reid v. Pierce Cty.*, 136 Wn. 2d 195, 201 (1998). Whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it "is initially for the court to determine if reasonable minds could differ." *Dicomes v. State,* 113 Wn.2d 612, 630 (1989). The conduct "must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Grange Ins. Ass'n v. Roberts*, 179 Wn.App. 739, 754 (2013).

Plaintiff's outrage claim, other than incorporating prior paragraphs, states in its entirety as follows:

> Defendants' conduct has been egregious and designed to intimidate and harass plaintiff into giving up her home. Their actions are continuing and ongoing. Plaintiff has been in a constant state of turmoil and distress, which has affected her overall health, [sic] because of Defendants' actions. Defendants intentionally or negligently inflicted emotional distress on Plaintiff. Complaint, at ¶70.

Plaintiff alleges nothing more than a formulaic recitation of the elements, and Plaintiff makes no distinction between RCO Legal and the other defendants. This is insufficient. A broader consideration of that paragraph in light of the incorporated paragraphs does not make plain what intentional, egregious conduct Plaintiff is attempting to incorporate. *See id*., at ¶¶1-68. In Plaintiff's Response, Plaintiff argues that RCO Legal's misleading of the foreclosure mediator goes beyond all bounds of decency. Dkt. 29, at 9. *See* Complaint, at ¶26. The Court disagrees. The alleged conduct does not rise to that level, which becomes apparent when contrasted with outrage claims sufficiently pleaded. *See, e.g., Doe v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 141 Wn.App. 407 (2007) (failure to report child abuse); and *Seaman v. Karr*, 114 Wn.App. 665, 685-88 (2002) (Plaintiffs wrongfully accused of being murder suspects and told they would go to jail on murder charges if not cooperative).

Plaintiff urges the Court to consider *In re Disciplinary Proceeding Against Carmick*, 146 Wn.2d 582 (2002), Dkt. 29, at 9, but that case is readily distinguishable. The case addressed an attorney's duty of candor to the tribunal without an opposing party present, whereas in this case there is no allegation that any representation was made ex parte. More importantly, that case considered an attorney's disciplinary ruling and makes no mention of any related civil claim for outrage, so its applicability to this type of case is tenuous, at best. Plaintiff has not stated a claim for outrage against RCO Legal. This claim should be dismissed.

* * *

THEREFORE, it is hereby ORDERED that Defendant RCO Legal's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. 18) is GRANTED IN PART. Claim 2, Claim 4, Claim 5, Claim 7, Claim 8 and Claim 9 are HEREBY DISMISSED. The motion is otherwise DENIED. Claim 1 may proceed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of December, 2015.

_____
ROBERT J. BRYAN
United States District Judge