```
                    UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRCT OF WASHINGTON
                            AT TACOMA
```

| | |
|---|---|
| TERESA S. TITUS, also known as TRACY TITUS, | ) <br> ) No. 15-05690-RJB <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) ORDER ON AMENDED FED. R. CIV. P. <br> ) 12(B)(6) MOTION TO DISMISS OF <br> ) DEFENDANT NORTHWEST TRUSTEE |
| WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE; FEDERAL NATIONAL MORTGAGE ASSOCIATION aka FANNIE MAE; NORTHWEST TRUSTEE SERVICES, INC.; RCO LEGAL, P.S.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS"), | ) SERVICES, INC. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

THIS MATTER comes before the Court on an Amended Fed. R. Civ. P. 12(b)(6) Motion to Dismiss filed by Defendant Northwest Trustee Services, Inc. (Dkt. 28). The Court has considered Plaintiff's Response (Dkt. 30), Northwest Trustee's Reply (Dkt. 32), and the remainder of the file herein. Because the motion amends Northwest Trustee's prior Motion to Dismiss for Failure to State a Claim (Dkt. 11), the prior motion should be stricken.

<u>THE COMPLAINT</u>

In the Second Amended Complaint ("Complaint"), Plaintiff alleges that SunTrust Mortgage, not Wells Fargo, NA or Wells Fargo Home Mortgage (collectively, "Wells Fargo"), is the 'actual owner' of a Deed of Trust and related Promissory Note. According to the Complaint, Plaintiff signed a Deed of Trust securing a Promissory Note to pay Sun Trust Mortgage on April

5, 2007, and Plaintiff received a notice to direct mortgage payments to Wells Fargo in December 2007. Complaint, at ¶¶7, 9. An Assignment of the Deed of Trust in favor of Wells Fargo was recorded on October 8, 2013. Wells Fargo also executed a beneficiary declaration stating that Wells Fargo is the holder of the Promissory Note. *Id*., at ¶¶11, 32, 38

After Plaintiff defaulted on payments to Wells Fargo, she received a letter of default in September 2013 from Wells Fargo and a Notice of Default by Northwest Trustee on February 9, 2014. Complaint, at ¶16. Northwest Trustee, the named Trustee on the Deed of Trust according to Wells Fargo, pursued nonjudicial foreclosure proceedings against Plaintiff on February 9, 2014, issuing a Notice of Default and Notice of Trustee Sale. *Id*., at ¶17.

During a foreclosure mediation, an attorney from RCO Legal, P.S., said with reference to Plaintiff, "We have a problem. We don't have the note." Wells Fargo's underwriter responded with, "What do you mean you don't have the note? That's a problem[,]" but the attorney from RCO Legal, who "represents themselves and [Northwest Trustee]," stated to the mediator that "It's nothing." *Id*., at ¶¶24, 25, 38.  RCO Legal has also represented Northwest Trustee. *Id*., ¶¶24, 25.

As against Northwest Trustee, Plaintiff alleges the following claims: violations of Fair Debt and Consumer Practices Act, the "Federal Consumer Protection Act," the Washington Deed of Trust Act, and the Washington Consumer Protection Act; misrepresentation by omission; and breach of Northwest Trustee's covenant of good faith and fair dealing. *See* Dkt. 27, at 21, 22.

## STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken

as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim for relief that is plausible on its face." *Id*. at 1974.

## DISCUSSION

1. <u>Claim 1: Violation of the Federal Fair Debt and Collection Practices Act (FDCPA)</u>

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692(e). In general, a "debt collector" is:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects . . . debts owed . . . or due another. . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. § 1692a.

However, as this Court and other courts have found, nonjudicial foreclosure actions do not constitute "debt collection," unless alleged under § 1692f(6). *Greer v. Green Tree Servicing, LLC*, No. 3:14-CV-05594-RJB, 2015 WL 4077432, at *2 (W.D. Wash. July 6, 2015); *Jara v. Aurora Loan Servs., LLC,* No. C 11–00419 LB, 2011 WL 6217308, at *4 (N.D.Cal. Dec.14, 2011); *Garfinkle v. JPMorgan Chase Bank,* No. C 11–01636 CW, 2011 WL 3157157, *3 (N.D.Cal.2011); *Hulse v. Ocwen Fed. Bank, FSB,* 195 F.Supp.2d 1188 (D.Or.2002); *Walker v. Quality Loan Serv. Corp.,* 176 Wash.App. 294, 316, 308 P.3d 716 (Div.I, 2013); *Dietz v. Quality*

*Loan Serv. Corp. of Washington,* No. C13–5948 RJB, 2014 WL 5343774, at *2 (W.D.Wash.2014).

Plaintiff alleges that Northwest Trustee attempted to collect on a debt and assisted with the nonjudicial foreclosure. Complaint, at ¶30. This conduct falls squarely within the general definition of "debt collector" as well as the exception pertaining to nonjudicial foreclosure, which would preclude recovery under the FDCPA. *See* § 1692a and *Greer v. Green Tree Servicing*, No. 3:14-CV-05594-RJB, *et al*. However, although debt collecting conduct that relates to nonjudicial foreclosure may fall outside the FDCPA generally, Plaintiff also alleges that the conduct occurred when Wells Fargo, which directed Northwest Trustee to pursue nonjudicial foreclosure on its behalf, had no right to possession of the Promissory Note and Deed of Trust. Complaint, at ¶30. *See* § 1692f(6) and *Armacost v. HSBC Bank USA,* No. 10–CV0274–EJL–LMB, 2011 WL 825151 at *3-6 (D.Idaho Feb.9, 2011). Therefore, Plaintiff alleges a plausible FDCPA claim and survives Northwest Trustee's motion to dismiss.

Northwest Trustee argues that because Northwest Trustee possesses a beneficiary declaration, which is an "unequivocal declaration of Wells Fargo's status as Note holder," Northwest Trustee could rely on that information to execute nonjudicial foreclosure. Dkt. 28, at 6. However, the circumstances surrounding that beneficiary declaration, which Plaintiff alleges is invalid, present precisely the kind of factual issue that cannot be resolved at the pleadings stage of litigation. Northwest Trustee's motion to dismiss as to this claim should be denied.

2. <u>Claim 2: Violation of the Federal Consumer Protection Act</u>

Plaintiff alleges that Northwest Trustee is in violation of the "Federal Consumer Protection Act," which according to Northwest Trustee is a statutory scheme that does not exist. Dkt. 28, at 6. *See* Complaint, at ¶¶33-41. In Plaintiff's Response, Plaintiff avers that the act

alleged is also known as the Consumer Credit Protection, found in Chapter 41 of 15 U.S.C., which "starts with subsection 1601 and concludes with Section 1692." Dkt. 30, at 4. In response to Northwest Trustee's argument that the claim is duplicative of Claim 1, the FDCPA claim, Plaintiff argues that the claim states "other allegations concerning the overall scheme of 15 USC Chapter 41." *Id*.

This claim lacks sufficient specificity as to which section or subsection should apply, so the claim fails because of its vagueness. Chapter 41 of Title 15 of the United States Code includes is an immense and diverse statutory scheme, so to state that an allegation "concern[s] the overall scheme" is insufficient. To the extent that Plaintiff would rely on § 1692, *see* Complaint, at ¶41, the only section specifically referenced in the Complaint, the claim is duplicative of Claim 1. *See id*., at ¶¶29-32. Plaintiff therefore fails to state a claim. Northwest Trustee's motion should be granted as to this claim.

3.  Claim 4: Violation of Washington Deed of Trust Act

Plaintiff alleges that Northwest Trustee breached its duty of good faith to Plaintiff, which violates the Washington Deed of Trust Act, by "work[ing] in concert with [RCO Legal] to the detriment of [Plaintiff]." Complaint, at ¶47. According to Northwest Trustee, this claim fails because there can be no DTA-based liability without a completed trustee's sale. Dkt. 28, at 7, citing *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wn.2d 412 (2014). Plaintiff argues in her Response that *Frias* applies only to claims for damages and not other types of relief, and that Plaintiff's DTA claim "make[s] it abundantly clear that Plaintiff's efforts are to stop the foreclosure sale" and not to seek damages. Dkt. 30, at 5.

To begin with, it is not 'abundantly clear' that Plaintiff seeks only injunctive relief, not damages. *See* Complaint, at ¶¶46-50 and Dkt. 27, at 21, 22. The better reading of the Complaint

supports an inference that Plaintiff does seek damages, for example, when Plaintiff states that Northwest Trustee violated its obligation of good faith "to the detriment of [Plaintiff]" and that Northwest Trustee assisted Wells Fargo with collecting funds. *Id*., ¶¶47, 48. *C.f.* Dkt. 27, at 21, 22.

However, even assuming that Plaintiff does not seek damages but rather requests injunctive relief to prevent a foreclosure, Plaintiff's interpretation of *Frias* is too narrow. Although the question certified to the Washington State Supreme Court asked about damages and not causes of action more generally, *Frias*, at 420, an interpretation of *Frias* that would allow parties to first seek injunctive relief by complaint without adherence to the statutorily–prescribed procedure under RCW 61.24.130 would undermine the basic intent of that statute. *See* RCW 61.24.130 and *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137 (2007)("The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130"). Especially where, as here, Plaintiff does not allege that she has already sought injunctive relief under RCW 61.24.130 and is now without recourse, Plaintiff's interpretation of *Frias* should be rejected. Furthermore, broader language throughout *Frias* hints that the holding may not just be limited to damages. *E.g., Frias*, at 428 ("under the current statutory framework, there is no independent cause of action under the DTA for DTA violations absent a completed foreclosure sale"). Plaintiff has failed to state a claim for relief under the DTA. Northwest Trustee's motion should be granted as to this claim.

4. Claim 5: Violation of Washington Consumer Protection Act

Where, as here, Plaintiffs do not allege a per se violation of the CPA, Plaintiffs alleging a violation of the CPA must allege (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) that affects the public interest and (4) injures the plaintiff's business or property

and (5) was caused by Defendant. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 784 (1986).

Plaintiff fails to state a claim under the CPA against Northwest Trustee for at least two reasons. First, the claim fails because the Complaint fails to allege anything with any specificity as to Northwest Trustee. Plaintiff alleges only three paragraphs specific to her CPA claim, and two of them are only directed at Wells Fargo. *See* Complaint, at ¶52 ("Defendant Wells Fargo is in violation of the [CPA] in that they instruct, or allow their employees to rendered [sic] deceptive and misleading directions . . . ") and ¶53 ("…deceptive act . . . performed by employees of Wells Fargo occurs in the Wells Fargo trade or commerce."). The remaining allegation does not mention Northwest Trustee, first referring to an unspecified "Defendant," then again referring directly to Wells Fargo's employees: "the deceptive practice of [an unspecified] Defendant has severely injured Plaintiff . . . in that she has been unable to perform at full capacity because her energy and time has been committed to combating the resulting foreclosure . . . . This damage is directly caused by the deceptive statements of Wells Fargo's employees." ¶54. The CPA claim against Northwest Trustee lacks sufficient particularity to provide Plaintiff with any relief from Northwest Trustee.

Second, the CPA claim fails to allege a public interest impact. The only reference anywhere to the public impact of any defendant is directly related to Wells Fargo, because it is Wells Fargo that made the "deceptive statements to anyone seeking a modification of their loan." ¶53. *See* ¶¶14, 52, 54. Plaintiff fails to state a claim for relief under the CPA. Northwest Trustee's motion should be granted as to this claim.

5. <u>Claim 7: Misrepresentation Through Omission</u>

Although the complaint directly asks for relief for Northwest Trustee's misrepresentation

through omission, Dkt. 27, at 22, Plaintiff concedes in her Response that Northwest Trustee "was not yet [sic] involved in the matters." Dkt. 30, at 8. The claim should be dismissed. Northwest Trustee's motion should be granted as to this claim.

6. <u>Claim 8: Breach of Covenant of Good Faith and Fair Dealing</u>

With reference to Northwest Trustee, Plaintiff's claim alleges in its entirety that "Northwest Trustee and RCO [Legal] made false statements and failed to properly investigate claims that would prevent the foreclosure from taking place." Complaint, at ¶68. *See id*., at ¶¶66, 67. There is no elaboration as to the content or circumstances of the "false statements" by Northwest Trustee nor is there any allegation of the injury suffered. The preceding paragraphs refer only to a Wells Fargo mediation, adding no context, *see id*., at *¶¶*66, 67, and the request for relief fails to even mention the claim, unlike other claims. *See* Dkt. 27, at 21, 22. Plaintiff fails to state a claim. Northwest Trustee's motion should be granted as to this claim.

7. <u>Claim 9: Intentional Infliction of Emotional Distress</u>

To establish a claim for intentional infliction of emotional distress, also known as outrage, the plaintiff must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) the plaintiff's severe emotional distress. *Reid v. Pierce Cty.*, 136 Wn. 2d 195, 201 (1998). Whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it "is initially for the court to determine if reasonable minds could differ." *Dicomes v. State,* 113 Wn.2d 612, 630 (1989). The conduct "must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Grange Ins. Ass'n v. Roberts*, 179 Wn.App. 739, 754 (2013).

Plaintiff's outrage claim, other than incorporating prior paragraphs, states in its entirety as follows:

> Defendants' conduct has been egregious and designed to intimidate and harass plaintiff into giving up her home. Their actions are continuing and ongoing. Plaintiff has been in a constant state of turmoil and distress, which has affected her overall health, [sic] because of Defendants' actions. Defendants intentionally or negligently inflicted emotional distress on Plaintiff. Complaint, at ¶70.

Plaintiff alleges nothing more than a formulaic recitation of the elements, and Plaintiff makes no distinction between Northwest Trustee and the other defendants. This is insufficient. A broader consideration of that paragraph in light of the incorporated paragraphs does not make plain what intentional, egregious conduct Plaintiff is attempting to incorporate. *See id*., at ¶¶1-68.

\* \* \*

THEREFORE, it is hereby ORDERED Defendant Northwest Trustee's Motion to Dismiss (Dkt. 11) is STRICKEN.

FURTHERMORE, Defendant Northwest Trustee's Amended Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. 28) is GRANTED IN PART as to Claim 2, Claim 4, Claim 5, Claim 7, Claim 8, and Claim 9. Those claims are HEREBY DISMISSED. The motion is otherwise DENIED. As to Defendant Northwest Trustee, Claim 1 may proceed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of December, 2015.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge